IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. CV 08-0601 JB/ACT
                                                            CR 04-778 JB

DAVID ANGEL SAENZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Saenz's Motion Brought Pursuant to 28 U.S.C. §60(b)(4) [sic], Want of Federal Subject Matter Jurisdiction (CV Doc. 1; CR Doc. 66) filed June 23, 2008.  Saenz pleaded guilty to a superseding information and one count of an indictment.  The Court sentenced him to 106 months' imprisonment and entered judgment on March 6, 2006.  Saenz did not appeal his conviction or sentence.  In his motion, Saenz asserts that the indictment did not give fair notice that his conduct was unlawful, and thus the Court lacked subject matter jurisdiction of the criminal proceeding.  He also alleges that he was denied effective assistance of counsel in his criminal proceeding.  He states that his motion "is not to be converted or construed as Motion under §2255."

The relief that Saenz seeks, if available, must be pursued under 28 U.S.C. § 2255.  The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction.  *See Baker*

*v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). Saenz's pro se characterization of his claims is not dispositive. *See Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Saenz's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255. In this circumstance,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). In light of the ruling in *Kelly*, the Court concludes that Saenz should be notified of possible consequences if the Court were to recharacterize his motion as a § 2255 motion.

On the other hand, especially in light of Saenz's insistence that the Court not construe the motion under § 2255, the Court is not required to recharacterize the motion. In *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005), the court noted that a district court does not abuse its discretion in declining to recast a pleading under § 2255 if the § 2255 motion would be untimely. More than two years have passed since Saenz's judgment became final, *see* § 2255 (setting one-year time limit for motions), and the Court will decline to recharacterize his motion as a § 2255 motion. Because the relief sought is available only under § 2255, the Court will deny the motion.

**IT IS THEREFORE ORDERED** that Defendant Saenz's Motion Brought Pursuant to 28 U.S.C. §60(b)(4) [sic], Want of Federal Subject Matter Jurisdiction (CV Doc. 1; CR Doc. 66) filed June 23, 2008, is denied; and this civil proceeding is dismissed.

_____
UNITED STATES DISTRICT JUDGE